Gregory L. Curtner (*Pro Hac Vice*)
curtner@millercanfield.com
Robert J. Wierenga (SBN183687)
wierenga@millercanfield.com
Kimberly K. Kefalas (*Pro Hac Vice*)
kefalas@millercanfield.com
Atleen Kaur (*Pro Hac Vice*)
kaur@millercanfield.com
Suzanne L. Wahl (*Pro Hac Vice*)
wahl@millercanfield.com
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
101 North Main St., 7th Floor
Ann Arbor, MI  48104
Telephone:  (734) 663-2445
Facsimile:  (734) 663-8624

Jason A. Geller (SBN168149)
Glen R. Olson (SBN111914)
David Borovsky (SBN 216588)
LONG & LEVIT LLP
465 California Street, 5th Floor
San Francisco, CA  94104
Telephone:  (415) 397-2222
Facsimile:  (415) 397-6392

Attorneys for Defendant
National Collegiate Athletic Association

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| SAMUEL MICHAEL KELLER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRONIC ARTS, INC., NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, and COLLEGIATE LICENSING COMPANY,<br><br>Defendants. | Case No. 4:09-cv-01967-CW<br><br>**OPPOSITION OF DEFENDANT NCAA TO PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(g)(3)**<br><br>Date:     November 17, 2009<br>Time:    2 p.m.<br>Dept:    Courtroom 2, 4th Floor<br>Judge:   Hon. Claudia Wilken<br><br>Date Comp. Filed:     May 5, 2009 |

Plaintiffs Samuel Keller and Edward O'Bannon, Jr. have filed a Motion asking the Court to appoint the law firms of Hagens Berman Sobol Shapiro LLP and Hausfeld LLP as interim co-lead counsel for the putative classes in *Keller v. Electronic Arts* and *O'Bannon v. NCAA*. The NCAA opposes plaintiffs' motion as premature for several reasons.

First, it would be premature to appoint Keller's lawyers – Hagens Berman – as "class counsel" when Keller's individual claims are still the subject of motions to dismiss. All three defendants in *Keller* have filed motions to dismiss, which are currently pending before the Court. The motions identify various infirmities in Keller's claims, all of which are fatal to those claims in whole or in part. The NCAA's motion, for example, demonstrates that Keller's claim under the Indiana right of publicity statute fails because Keller has failed to allege that the NCAA has "used" Keller's likeness. The NCAA has also shown that Keller's breach of contract claims fails because Keller has failed to allege facts sufficient to demonstrate formation of the alleged "contract," the terms of the alleged "contract," or breach of the alleged "contract." Finally, the NCAA and the other defendants have demonstrated that Keller's civil conspiracy claim fails for want of a separate, validly alleged underlying tort. Since Keller's own claims seem unlikely to survive the defendants' motions, it would be premature, to say the least, to appoint Keller's lawyers as class counsel.

Second, it would be premature to appoint O'Bannon's lawyers – Hausfeld – as "class counsel" when O'Bannon's individual claims are also the subject of motions to dismiss. Both the defendants in *O'Bannon* have filed motions to dismiss, which are currently pending before the Court. Like Keller, O'Bannon's claims suffer from a variety of infirmities, all of which are fatal to those claims in whole or in part. The NCAA, for example, demonstrates that O'Bannon has failed to allege injury to competition, a relevant market, or that the NCAA has conspired to restrain trade. Additionally, O'Bannon fails to allege that he has actually been restrained from

**OPPOSITION TO PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL**
Case Nos. 4:09-cv-01967-CW and 3:09-cv-03329 CW

selling his images. Finally, O'Bannon's claims are barred by the statute of limitations. Since O'Bannon's own claims, like Keller's, seem unlikely to survive the defendants' motions, it would be premature to appoint O'Bannon's lawyers as class counsel.

Third, it would be premature to appoint Keller's or O'Bannon's lawyers as "class counsel" before a class has been certified and, indeed, before either plaintiff has even *moved* to have a class certified. Even a cursory review of either complaint reveals that the claims brought by Keller and O'Bannon, and their purported "classes," are not suitable for class treatment. Moreover, it would obviously be inappropriate to appoint Keller's or O'Bannon's lawyers as class counsel when (1) Keller and O'Bannon's own claims may not make it past the pleadings stage and (2) neither Keller nor O'Bannon has even attempted to carry his burden of showing that class treatment is appropriate in this case. It would waste the Court's and the parties' time to brief and argue these issues at this extremely early juncture in this case. *See, e.g., Webb v. Onizuka*, No. 08-00487, 2009 WL 1687492, at *1 (D. Haw. June 15, 2009).

Under Fed. R. Civ. P. 23(g), courts normally appoint lead class counsel only *after* a class has been certified. Only under unusual circumstances is it necessary to appoint lead class counsel before the class has been certified. There is no such urgency here. The standard Rule 23(g) schedule should be followed in this case. *See, e.g., Italian Colors Rest. v. Am. Express Co.*, No. C 03-3719, 2003 WL 22682482, at *7 (N.D. Cal. Nov. 10, 2003).

For all the foregoing reasons, the NCAA respectfully requests that this Court deny as premature Plaintiffs' Motion for appointment of interim co-lead counsel.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By:   */s/Robert J. Wierenga*
     Robert J. Wierenga (SBN183687)
     Attorneys for National Collegiate Athletic Association

Dated: October 27, 2009

---

**OPPOSITION TO PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL**
Case Nos. 4:09-cv-01967-CW and 3:09-cv-03329 CW

2

# CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification to the e-mail addresses registered.

By: <u>*/s/Robert J. Wierenga*</u>
Robert J. Wierenga (SBN183687)
Attorneys for National Collegiate Athletic Association

17380018.1\063863-00040

**OPPOSITION TO PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL**
Case Nos. 4:09-cv-01967-CW and 3:09-cv-03329 CW

3