Plaintiffs' and Defendants' Counsel
Listed on Signature Block

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re NCAA Student-Athlete Name & Likeness Licensing Litigation | Case No. 4:09-cv-1967  VRW<br><br>**JOINT SUPPLEMENTAL CASE MANAGEMENT CONFERENCE STATEMENT AND FRCP 26(f) REPORT**<br><br>Date:        November 18, 2010<br>Time:        10:00 a.m.<br>Judge:       Hon. Vaughn R. Walker<br>Courtroom:  6, 17th Floor<br><br>ACTION FILED: May 5, 2009 |

1    Pursuant to the Court's July 6, 2010 Civil Minute Order, Amended Minute Entry (Doc #

2  224), the Parties submit the following Joint Supplemental Case Management Conference Statement

3  and FRCP 26(f) Report.  The Parties incorporate the Joint Case Management Conference Statement

4  filed on June 29, 2010 (Doc # 222), and supplement herein only those items that have changed or

5  require additional information.  The Parties additionally address FRCP 26(f)'s requirement that they

6  submit to the Court a proposed discovery plan.

7    As used herein, "Plaintiffs" shall mean all plaintiffs in the present litigation, the "*Keller* Right

8  of Publicity Plaintiffs" shall mean the plaintiffs in the *Keller* action and any similar right-of-publicity

9  based actions previously consolidated before this Court, and the "*O'Bannon* Antitrust Plaintiffs" shall

10  mean the plaintiffs in the *O'Bannon* federal antitrust action and any similar antitrust-based actions

11  previously consolidated before this Court.[1]

12    **1.    Jurisdiction and Service**

13    Defendant Electronic Arts Inc. ("EA") contends that this Court does not have jurisdiction

14  over the claims asserted by the *Keller* Right of Publicity Plaintiffs because it appealed the denial of

15  its anti-SLAPP motion to strike to the United States Court of Appeals for the Ninth Circuit (Doc

16  #154).

17    The plaintiff in *Thrower v. NCAA, et al*., Case No. 3:10-cv-00632-VRW (N.D. Cal., filed

18  Feb. 12, 2010), a case similar to the *O'Bannon* antitrust action filed by separate counsel, has now

19  served all Defendants.

20    **2.    Motions**

21    Pursuant to the Court's July 6, 2010 Civil Minute Order, the Parties completed supplemental

22  briefing regarding Defendant EA's Motion to Stay Proceedings Pending Appeal (Doc. # 156; filed

23  February 18, 2010).  As of August 26, 2010, the briefing on the stay issue was fully submitted, as is

24  briefing on the related Motions to Stay filed by Defendants NCAA and CLC (Doc # 163, 166).

25

26    ───────────────

27    [1] This nomenclature was used in the prior Joint Case Management Conference Statement, which also
   includes detailed information on the Parties' respective views of, *inter alia*, the litigation's procedural history,
   facts, and legal issues.

28
   JOINT SUPPLEMENTAL CASE MANAGEMENT CONFERENCE STATEMENT AND FRCP 26(F) REPORT
   CASE  No. 4:09-CV-1967-CW

The Parties anticipate filing the following motions prior to the November 18, 2010 hearing: (1) Defendant NCAA's Motion to Dismiss, (2) Defendant CLC's Motion to Dismiss, and (3) the *Keller* Right of Publicity Plaintiffs' Motion to Unconsolidate the *Keller* Right of Publicity Claims from the *O'Bannon* Antitrust Claims.

### Defendant Electronic Arts Inc.'s Additional Statement on Motions

On March 30, 2010, the Court granted Defendants' motion to enlarge the time for Defendants to respond to Plaintiffs' Consolidated Amended Complaint ("CAC"). Specifically, over Plaintiffs' opposition, the Court held that Defendants responses to the CAC would be due "thirty days after the Court lifts the stay of claims against Defendants, assuming Defendants' motions are granted, or thirty days after the Court denies Defendants' stay motions." *See* March 30, 2010 Order, Doc. 198.

During the July 6, 2010 case management conference, the Court set November 18, 2010 as the date for hearing on Defendants' motions in response to the CAC, which in turn requires that Defendants' motions in response to the CAC be filed October 14. At the time of the case management conference, it did not appear that this date would conflict with the prior Order regarding the time for Defendants' responses to the CAC. Because the stay motion remains pending, however, a conflict now exists between the two dates for Defendants' responses to the CAC.

EA respectfully requests that the Court clarify that terms of the March 30, 2010 Order remain in effect and that EA need not respond to the CAC until 30 days after the Court lifts the stay or the stay motions are denied.

At the appropriate time, EA anticipates filing a motion to dismiss the *O'Bannon* antitrust claims and an anti-SLAPP motion to strike the *Keller* Indiana state law claim.

### Plaintiffs' Response to EA's Additional Statement on Motions

The Court vacated all deadlines in its May 17, 2010 notice. (Doc #207) ("All dates previously set in this case are vacated . . ."). Accordingly, there is no conflict between the now vacated deadlines in the March 30, 2010 Order and the subsequent deadlines set by the Court during the July 6, 2010 Case Management Conference (later codified in the Court's July 6, 2010 Minute Entry).

### 3.    Disclosures

The Parties will exchange Initial Disclosures by September 30, 2010, as ordered by the Court in the July 6, 2010 Civil Minute Order.

### 4.    Discovery

No discovery has occurred to date.  Before the litigation was reassigned from Judge Wilken to this Court, the Parties agreed in March 2010 to stay discovery until Judge Wilken issued a decision on the motions to stay.  *See* Doc. # 173, Order Granting Stipulation to Extend Time. The litigation subsequently was reassigned to this Court on April 17, 2010.  *See* Doc # 200, Order Relating Case.  Plaintiffs anticipate serving discovery shortly after the Court issues an order lifting the present stay.  Defendants, however, contend that discovery should not commence until the Court rules on Defendants' forthcoming Motions to Dismiss and EA's anti-SLAPP Motion to Strike, which each of the Defendants intend to file.

### *O'Bannon* Antitrust Plaintiffs' Statement

The *O'Bannon* Antitrust Plaintiffs believe that, by setting a deadline of September 15, 2010 for the Parties to conduct a Fed. R. Civ. Proc. 26(f) conference (*see* Civil Minute Order, Doc. # 224), more than two months in advance of the Case Management Conference and hearing on to-be-filed motions to dismiss scheduled in that same Order for November 18, 2010, the Court intended for the parties to confer in detail on the issues delineated in Fed. R. Civ. Proc. 26(f)(3) ("[a] discovery plan must state the parties' views and proposals on:  [listing several specific topics].").  The *O'Bannon* Antitrust Plaintiffs further understood that the Court desired that the Parties make as much progress as possible to prepare to move the litigation forward, despite the pendency of the motions to stay, and regardless of the future motions to dismiss that Defendants might file.

The *O'Bannon* Antitrust Plaintiffs' view is bolstered by the Court's following statements at the July 6, 2010 Case Management Conference:  "I am inclined to deny the motion to stay." (Tr., at 25); "I am inclined to deny the stay motion." (Tr., at 29).  The Court continued as follows:

> "So that would mean you would be gearing up in this case for
> sometime in September for your Rule 26 Conference and probably
> some motions [to dismiss] a bit further into the fall.  I think it

> makes a lot of sense to get some dates down.  Otherwise, you're coming back here, or having another status conference, some other things will have developed in the meantime, and a lot of time will slip by.  So, assuming that the motion to stay is denied, which I think is a probability, can we set a date for the Rule 26 conference in mid-September?  Anybody have a problem with that?"  (Tr., at 32).

On August 5, 2010, the *O'Bannon* Antitrust Plaintiffs sent a detailed agenda to Defendants listing numerous topics that needed to be addressed so that the Parties could draft a discovery plan including pursuant to Fed. R. Civ. Proc. 26(f)(3)'s requirement that "[a] discovery plan *must state* the parties' views and proposals on: . . . (C) any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced." (emphasis added).  The *O'Bannon* Antitrust Plaintiffs made clear that because the plan must address electronic discovery, it was important that the parties devote enough time to address the attendant issues (*e.g.* records custodians, accessibility, storage locations, search terms and methodology, and privilege review protocols) to craft a meaningful and useful discovery plan.

Defendants responded that "the Rule 26(f) conference itself is addressed in a single meeting", and that "given the procedural posture of this case, plaintiffs' agenda includes many items that either are not relevant or are premature at this time."  The *O'Bannon* Antitrust Plaintiffs disagreed and contended that electronic discovery issues should be addressed separately and promptly.  While the Parties did conduct two telephonic meet/confer sessions, Defendants have declined to engage in any dialog necessary to create a discovery plan, including as required by Fed. R. Civ. Proc. 26(f)(3)(C).  The proposed litigation schedule addressed below is thus made without full knowledge of the factors that will drive document collection, production and review, as well as deposition timing.

To help facilitate discovery in the future, the Parties will negotiate the terms of a proposed protective order that will be submitted to the Court for approval.

**Defendants' Statement**

Defendants believe that the *O'Bannon* Antitrust Plaintiffs' Statement above is unnecessarily argumentative and inaccurate.  Defendants participated in two separate Rule 26(f) conferences on September 7, 2010 and September 13, 2010.  In the first conference, the parties agreed that co-lead

1   Plaintiffs counsel would coordinate with one another and provide a proposed discovery schedule to

2   Defendants for comment.  Although Plaintiffs sent Defendants a draft 26(f) Report and Supplement

3   CMC Statement on September 9, 2010, that draft Statement did not contain a proposed discovery

4   schedule.  During the second conference, co-lead Plaintiffs counsel, Mr. Hausfeld, who had not

5   participated in the first conference, terminated the conference after approximately twenty minutes

6   once he discovered that Plaintiffs had not provided Defendants with a proposed discovery schedule,

7   as agreed upon earlier.  Plaintiffs circulated a proposed discovery plan on Friday September 24,

8   2010, after the close of business for the East Coast Defendants.

9           At no time did Defendants refuse to discuss any item or issue required by Rule 26(f).  The

10  *O'Bannon* Antitrust Plaintiffs' counsel had earlier proposed  an extremely long, broad, and detailed

11  "agenda" of information that they wished to obtain from defendants regarding electronically stored

12  information ("ESI") during the Rule 26(f) conference, and stated that the parties would need an

13  untold number of  meetings over a month or two to adequately cover the issues to their satisfaction.

14  Indeed, Plaintiffs' counsel indicated "it usually takes at least a month or two to resolve" the issues.

15  The "agenda" proposed by the *O'Bannon* Antitrust Plaintiffs was a 3-page, single-spaced document

16  seeking detailed information about each of Defendants' system architectures, backup processes,

17  applications used, identification of custodians, types of technologies used by employees generally,

18  search terms, and document review technology.  This "agenda" went far beyond Rule 26(f)(3)(C),

19  which only requires the Parties to address "any issues about disclosure or discovery of electronically

20  stored information, including the form or forms in which it should be produced." FRCP 26(f)(3)(C).

21  On August 31, 2010, before the two Rule 26(f) conferences, Defendants forwarded to Plaintiffs the

22  Joint Case Management Statement and Rule 26(f) Report that was submitted to this Court in the

23  related action *Pecover v. Electronic Arts*, Case No. 08-02820-VRW.  The *Pecover* action is an

24  antitrust case involving one of the Defendants, EA, and co-lead Plaintiffs counsel in this action.

25  Defendants informed the Plaintiffs that "the [D]efendants intend the Rule 26(f) conference to cover

26  the topics identified in Rule 26(f)" and that, "[a]s a result of that conference, the parties should be

27

28

1  able to complete a Rule 26(f) statement similar to the one that was entered in the *Pecover* antitrust

2  litigation."

3        To accommodate the schedules of Plaintiffs' co-lead counsel, Defendants agreed to hold two

4  separate conferences on September 7th and September 13th.  The parties agreed that the September 7th

5  conference would focus on the right of publicity claims and September 13th conference would focus

6  on the antitrust claims. A few hours before the September 7th conference, the Right of Publicity

7  Plaintiffs circulated a proposed agenda for the conference, which contained none of the detailed

8  topics set out in the agenda proposed by the *O'Bannon* Antitrust Plaintiffs.

9        During the September 7th conference, the parties agreed that the most efficient way to

10  proceed with regard to addressing a potential discovery schedule would be for Plaintiffs' counsel to

11  coordinate with each other, and to propose a discovery plan to Defendants. Defendants would then

12  coordinate and provide comments and proposed revisions to the Plaintiffs' proposed discovery plan.

13        During the September 13th conference, which was supposedly focused on the antitrust claims,

14  Plaintiffs made no effort to broach any of the topics covered in the detailed agenda that the

15  *O'Bannon* Antitrust Plaintiffs had circulated earlier. Rather, Mr. Hausfeld, lead counsel for the

16  *O'Bannon* Antitrust Plaintiffs, abruptly cut the conference short when he learned that Plaintiffs had

17  agreed to circulate a proposed discovery plan, but had not yet done so.

18      **5.**    **Related Cases**

19      **Plaintiffs' Statement**

20       *Michael E. Davis, aka Tony Davis v. Electronic Arts*, Case No. 3:10-cv-03328-RS, was

21  recently filed on July 29, 2010 in the United States District Court for the Northern District of

22  California.  The plaintiff in this putative class action case alleges that Defendant EA has unlawfully

23  used the likenesses of retired professional football players in its "Madden NFL" professional

24  football-themed video games.  Plaintiff asserts right of publicity and unjust enrichment claims.

25       *James "Jim" Brown v. Electronic Arts*, Case No. 2:09-cv-01598-FMC, was filed on March 6,

26  2009 in the United States District Court for the Central District of California.  The plaintiff alleges

27  that Defendant EA has unlawfully used plaintiff's likeness in its "Madden NFL" professional

28  

JOINT SUPPLEMENTAL CASE MANAGEMENT CONFERENCE STATEMENT AND FRCP 26(F) REPORT
CASE  No. 4:09-CV-1967-CW

1   football-themed video games.  Plaintiff asserted claims for violation of the Lanham Act, 15 U.S.C.

2   1125(a) – unfair competition, invasion of privacy, and a California state law claim for unfair

3   competition.  On September 23, 2009, the court granted and denied in part EA's motion to dismiss,

4   granted dismissal of the Lanham Act claim with prejudice, and declined to exercise supplemental

5   jurisdiction over the remaining state law and common law-based claims, leaving the plaintiff free to

6   pursue those claims in state court including his right of privacy-based claims.  Plaintiff Brown

7   appealed the decision, and the matter is currently pending before the 9th Circuit.  To date, Plaintiff

8   Brown has not filed a state court complaint while his appeal on the Lanham Act claim dismissal is

9   proceeding.  In Defendant EA's opening brief filed with the 9th Circuit in its appeal of Judge

10  Wilken's denial of its anti-SLAPP motion to strike the *Keller* claims, Defendant EA contends that

11  "Keller's [right of publicity] claims and Brown's [right of publicity] claims are practically

12  indistinguishable."

13      *Kareem Abdul-Jabbar v. The Upper Deck Company, Inc., et al.*, Superior Court of the State

14  of California, County of Los Angeles, Case No. BC444352, filed August 30, 2010.  In this action, the

15  plaintiff asserts that the trading card company defendant misappropriated his likeness as a collegiate

16  basketball player for use in a new "Greats of the Game" trading card set that utilized six images of

17  the plaintiff.  Plaintiff asserts causes of action for right of publicity violations, unfair business

18  practices, unjust enrichment, constructive trust, and an accounting.  The *O'Bannon* Antitrust

19  Plaintiffs note that the Collegiate Licensing Company ("CLC"), a defendant in the present actions,

20  issued a press release on April 8, 2010 with The Upper Deck Company indicating they executed a

21  "recently inked exclusive contract" with each other leading to creation of the trading card set.  The

22  *O'Bannon* Antitrust Plaintiffs will continue to investigate the role of CLC and other entities in this

23  case, including whether the defendant trading card company contends that it received rights to

24  plaintiff's collegiate images via CLC and/or via CLC's clients such as Defendant NCAA or its

25  member university UCLA.

26

27

28

**Defendants' Statement**

Defendants believe that the cases related to this matter are those cases identified in the parties' June 29, 2010 case management conference statement. Specifically, the following cases are pending in federal court in Tennessee and also relate to the alleged unauthorized use of college athletes' likenesses in videogames: *Tommy Hubbard v. Electronic Arts Inc.*, United States District Court for the Eastern District of Tennessee, Case No. 09-cv-233[2]; *Tommy Hubbard v. Electronic Arts Inc.*, United States District Court for the Eastern District of Tennessee, Case No. 09-cv-234. In addition, the following case is pending in federal court in New Jersey and also relates to the alleged unauthorized use of athletes' likenesses in videogames: *Ryan Hart v. Electronic Arts Inc.*, United Stated District Court for the District of New Jersey, Case No. 3:09-cv-05990-FLWLHG. Electronic Arts Inc. is the only defendant in the *Hart* matter.

As to *Kareem Abdul-Jabbar v. Upper Deck*, Defendant CLC notes that Plaintiffs' supposition about what the case may or may not address does not make it a related case. In fact, *Abdul-Jabbar* is not a related case pursuant to Local Rule 3-12. CLC is not a party to the *Abdul-Jabbar* case, and Mr. Abdul-Jabbar is not a party to Plaintiffs' Consolidated Amended Complaint. The only similarity between the *Abdul-Jabbar* action and this case is that CLC has not licensed nor sold any rights to use the plaintiff's name, likeness or image. CLC simply does not deal in these rights of publicity, which relate to the use of a person's name, likeness, or image.

### 7. Scheduling

**Plaintiffs' Statement**

While the case was pending before Judge Wilken, Plaintiffs agreed in March 2010 to what was envisioned to be a short discovery stay to allow Defendant EA to have its Motion to Stay

---

[2] Plaintiffs assert that this case is not related to the antitrust or right of publicity claims. This case is identical to the *Pecover* antitrust action (3:08-CV-02820), which has nothing to do with the licensing of student-athlete names or likenesses.

Proceedings Pending Appeal first decided by Judge Wilken. *See* Doc # 173, Order Granting Stipulation to Extend Time. For various reasons, including reassignment from Judge Wilken to this Court, the case has now been stayed for almost seven months. Plaintiffs are prepared to move forward with their cases and believe that discovery should commence immediately after the Court decides the stay motion, as appeared to be the Court's view as well as expressed at the July 6, 2010 Case Management Conference. Plaintiffs propose that both the Right of Publicity and Antitrust cases can be ready for trial in approximately 17 months under the following schedule (presuming that the Court lifts the discovery stay in the near future):

| | |
|---|---|
| Defendants to file any Fed. R. Civ. Proc. 12(b)(6) Motions to Dismiss and/or Strike directed to the Consolidated Amended Class Action Complaint<br><br>Right of Publicity Plaintiffs to file a motion to unconsolidate | October 14, 2010 |
| Plaintiffs' Motions for Class Certification | Not later than June 1, 2011 |
| Defendants' Oppositions to Class Certification Motions | 30 days after Plaintiffs' motions for class certification |
| Plaintiffs' Replies in Support of Class Certification Motions | 30 days after oppositions to motions for class certification |
| Fact discovery closes | September 1, 2011 |
| Exchange of expert reports | September 1, 2011 |
| Exchange of reply expert reports | October 3, 2011 |
| Expert discovery closes | November 15, 2011 |
| Dispositive motions | Not later than November 30, 2011 |
| Oppositions to dispositive motions | 30 days after filing of dispositive motions |
| Replies in support of dispositive motions | 30 days after filing of oppositions to dispositive motions |
| Pretrial Motions | February 15, 2012 |
| Pretrial Conference | At discretion of Court |

| Trial | March 1, 2012 or at discretion of Court |
|-------|------------------------------------------|

**Defendants NCAA's and CLC's Statement**

Defendants believe that given the breadth of Plaintiffs' Consolidated Amended Complaint ("CAC") and inconsistencies and ambiguities about the claims, especially the antitrust claims, set out in the CAC, it would be premature to begin discovery until after the Court decides the forthcoming Motions to Dismiss, as a decision in any Defendants' favor could significantly narrow Plaintiffs' case, and consequently, the scope of discovery.  Moreover, if the *Keller* Plaintiffs file a motion to unconsolidate the right of publicity claims and antitrust claims, Defendants propose that discovery should be stayed until that motion is decided as well.  As a general matter, Defendants question why Plaintiffs wasted judicial resources, as well as the time and resources of both Plaintiffs and Defendants, on their prior motion to consolidate (Doc # 69, 108), only to seek unconsolidation less than a year later.  In any event, both the forthcoming motions to dismiss and the motion to unconsolidate could very well affect the nature of the case and how the parties approach discovery. Accordingly, Defendants feel it is prudent to have the Court resolve these motions before sending the parties into discovery.

Additionally, Defendants believe that discovery should be staged so that issues directly pertinent to class certification are addressed prior to full merits discovery.  Since there is a good chance that the Court's ruling on plaintiffs' class certification motion will clarify and simplify the issues legitimately at issue in this case, limiting initial discovery to issues directly pertinent to class certification is likely significantly to streamline the conduct of this litigation.[3]

Consequently, Defendants propose the following discovery schedule:

| Last date for motions to dismiss, strike or unconsolidate the Consolidated Amended Class Action Complaint | October 14, 2010 |
|-----------------------------------------------------------------------------------------------------------|-------------------|

---

[3] Plaintiffs note that discovery in the *Pecover* antitrust action was not bifurcated, and EA did not request bifurcation in that case.  The parties in *Pecover* were able to complete discovery in a timely and efficient manner.

| Initial discovery cutoff | 5 months after discovery opens |
|---|---|
| Last date for plaintiffs' motion for class certification (including any expert reports filed in support thereof) | One month after initial discovery cutoff |
| Last date for defendants' opposition to motion for class certification (including any expert reports filed in support thereof) | 75 days after motion for class certification |
| Last date for post-certification merits discovery | 8 months after motion for class certification is granted or affirmed on appeal |
| Exchange of merits expert reports | 9 months after motion for class certification is granted or affirmed on appeal |
| Exchange of reply merits expert reports | 10 months after motion for class certification is granted or affirmed on appeal |
| Expert discovery closes | 11 months after motion for class certification is granted or affirmed on appeal |
| Dispositive motions | 12 months after motion for class certification is granted or affirmed on appeal |
| Oppositions to dispositive motions | 60 days after filing of dispositive motions |
| Replies in support of dispositive motions | 30 days after filing of oppositions to dispositive motions |
| Pretrial Motions | TBD |

### Defendant Electronic Arts Inc's Statement

As the Court is aware, EA has appealed Judge Wilken's denial of its anti-SLAPP motion to strike the *Keller* complaint.  That appeal addresses on the merits all of the claims asserted against EA in *Keller* so that a decision in EA's favor will result in dismissal of the claims against EA.

1    Moreover, as described in EA's papers in support of its motion to stay, EA respectfully submits that

2    this Court lacks jurisdiction to proceed on the merits of this dispute pending EA's appeal.

3         Therefore, EA respectfully submits that it would be premature to proceed with discovery as

4    to EA at this time, and more generally that pending resolution of EA's stay motion and its appeal of

5    Judge Wilken's order, it does not make sense to try and set out a detailed case schedule as to EA.

6

7    Dated:  September 29, 2010               Respectfully Submitted,

8    HAGENS BERMAN SOBOL SHAPIRO      HAUSFELD LLP
     LLP

9                                 /s/ Jon T. King_____
    /s/ Robert B. Carey_____

10                                Michael P. Lehmann (Cal. Bar No.
    Robert B. Carey (*pro hac vice*)        77152)

11    Leonard W. Aragon (*pro hac vice*)     Jon T. King (Cal. Bar No. 205073)
    11 West Jefferson                  Arthur N. Bailey, Jr. (Cal. Bar No.

12    Suite 1000 Phoenix, AZ, 85003         248460)
    Telephone: (602) 840-5900          44 Montgomery Street, 34th Floor

13    Facsimile: (602) 840-3012          San Francisco, CA 94104
    Email:  rcarey@hbsslaw.com        Tel:  (415) 633-1908

14             leonard@hbsslaw.com      Fax:  (415) 358-4980

15                                Email:  mlehmann@hausfeldllp.com
    Steve W. Berman WSBA #12536 (*Pro Hac*      jking@hausfeldllp.com

16    *Vice*)                               abailey@hausfeldllp.com
    HAGENS BERMAN SOBOL SHAPIRO LLP

17    1918 Eighth Avenue, Suite 3300      Michael D. Hausfeld (*pro hac vice*)

18    Seattle, Washington 98101         HAUSFELD LLP
    Telephone:  (206) 623-7292         1700 K Street, NW, Suite 650

19    Facsimile:  (206) 623-0594          Washington, DC 20006

20    E-Mail:  steve@hbsslaw.com        Tel:  (202) 540-7200
                                Fax:  (202) 540-7201

21    ***Plaintiffs' Interim Co-Lead Class Counsel***  Email:  mhausfeld@hausfeldllp.com

22                                Steig D. Olson (*pro hac vice*)

23                                HAUSFELD LLP
                                11 Broadway, Suite 615

24                                New York, NY 10004

25                                Tel:  (212) 830-9850
                                Fax:  (212) 480-8560

26                                Email:  solson@hausfeldllp.com

27                                ***Plaintiffs' Interim Co-Lead Class***
                                ***Counsel***

28

KILPATRICK STOCKTON LLP

/s/ William H. Brewster_____

William H. Brewster (*Pro Hac Vice*)
R. Charles Henn Jr. (*Pro Hac Vice*)
Suite 2800
1100 Peachtree Street
Atlanta, GA 30309-4530
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555

***Attorneys for Defendant***
***College Licensing Company***

MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.

/s/ Gregory L. Curtner_____

Gregory L. Curtner (*pro hac vice*)
Robert J. Wierenga (SBN183687)
Kimberly K. Kefalas (*pro hac vice*)
Atleen Kaur (*pro hac vice*)
Suzanne L. Wahl (*pro hac vice*)
101 North Main St., 7th Floor
Ann Arbor, MI  48104
Telephone:  (734) 663-2445
Facsimile:  (734) 663-8624
Email: curtner@millercanfield.com
        wierenga@millercanfield.com
        kefalas@millercanfield.com
        kaur@millercanfield.com
        wahl@millercanfield.com

Jason A. Geller (SBN168149)
Glen R. Olson (SBN111914)
David Borovsky (SBN 216588)
LONG & LEVIT LLP
465 California Street, 5th Floor
San Francisco, CA  94104
Telephone:  (415) 397-2222
Facsimile:  (415) 397-6392
Email: jgeller@longlevit.com
        golson@longlevit.com
        dborovsky@longlevit.com

***Attorneys for Defendant***
***National Collegiate Athletic Association***

KEKER & VAN NEST LLP

/s/ R. James Slaughter_____

Robert A. Van Nest
R. James Slaughter
710 Sansome Street
San Francisco, CA  94111
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188
Email:  rslaughter@kvn.com

LATHAM & WATKINS LLP

/s/ Timothy L. O'Mara Esq.

Daniel M. Wall
Timothy L. O'Mara Esq.
505 Montgomery Street, Suite 2000
San Francisco CA 94111-6538
Phone (415) 391-0600
Fax (415) 395-8095
E-mail:  dan.wall@lw.com
        tim.omara@lw.com

***Attorneys for Defendant***
***Electronic Arts Inc.***

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I, Jon T. King, am the ECF User whose ID and password are being used to file this

**JOINT SUPPLEMENTAL CASE MANAGEMENT CONFERENCE STATEMENT AND FRCP 26(f) REPORT**

In compliance with General Order 45, X.B., I hereby attest that Robert B. Carey, William H. Brewster, Gregory L. Curtner, R. James Slaughter, and Timothy L. O'Mara, Jr. have concurred in this filing.

## CERTIFICATE OF SERVICE

I, Jon T. King, declare that I am over the age of eighteen (18) and not a party to the entitled action.  I am a partner in the law firm of HAUSFELD LLP, and my office is located at 44 Montgomery Street, Suite 3400, San Francisco, California  94104.

On September 29, 2010, I filed the following:

**JOINT SUPPLEMENTAL CASE MANAGEMENT CONFERENCE STATEMENT AND FRCP 26(f) REPORT**

with the Clerk of the Court using the Official Court Electronic Document Filing System which served copies on all interested parties registered for electronic filing.

I also certify that I caused true and correct Chambers Copies of the foregoing document(s) to be hand-delivered to the following Judge pursuant to Civil L.R. 3-12(b) by noon of the following day:

The Hon. Vaughn R. Walker
U.S.D.C., Northern District of California
450 Golden Gate, Ave.
San Francisco, CA 94102

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Jon T. King_____
JON T. KING

- 16 -